# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-10-4380 |
| | § | CRIMINAL ACTION NO. H-08-283 |
| JEREMY VAUGHN PINSON, | § | |
| | § | |
| Defendant/§ 2255 Movant. | § | |

## ORDER

The defendant, Jeremy Vaughn Pinson, has filed an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Docket Entry No. 68). The government has responded. (Docket Entry No. 88). In his amended § 2255 motion, Pinson alleges that his trial counsel was ineffective for failing to seek a competency/mental health evaluation (Claim One), that the government breached the cooperation agreement (Claim Two), and that his trial counsel failed to file an appeal (Claim Three). The government, in response, argues that this § 2255 proceeding is time-barred. The government concedes, however, that "the record does not conclusively indicate whether Pinson asked Counsel to file a notice of appeal" and that the "court's evaluation of this claim will likely determine Pinson's 'equitable tolling' claim as well." (Docket Entry No. 88 at 26). The government contends that an evidentiary hearing is needed on Pinson's claim that counsel failed to file an appeal, and that the resolution of Pinson's other claims may depend on whether he is entitled to an out-of-time appeal.

In *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007), the Fifth Circuit held that if a petitioner "is able to demonstrate by a preponderance of the evidence that he requested an appeal,

prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." Pinson states in his amended § 2255 motion, which he signed under penalty of perjury, that:

1.  Two days after sentencing Movant was moved to FTC Okla. City. At that time Movant did not wish to appeal for fear of more retaliation.

2.  Eight days after sentencing Movant asked Bureau of Prisons staff to call AFPD Richard Ely to relay a request to file an appeal. BOP staff refused any calls or stamps to Movant.

3.  On January 6, 2009, Movant was transferred to USP Coleman II.

4.  Movant wrote multiple letters to AFPD Ely asking to file an appeal.

5.  FPD Secretary Esther Rojas wrote to Movant saying AFPD Ely was no longer an attorney there and could not help me no more [sic] with any appeal.

6.  Movant called FPD Majorie Meyers and left a message on a machine to file an appeal.

7.  Movant's former AFPD Ely wished him luck on the appeal leading Movant to belief an appeal had been filed as instructed.

8.  Movant later learned from the Clerk of the Fifth Circuit U.S. Court of Appeals no appeal had been filed.

9.  Movant called FPD Meyers to demand an explanation at being deceived and was promised an investigation.

10. Movant filed the original § 2255 within nine days of learning his attorneys had lied regarding [the] pendency of a direct appeal.

(Amended § 2255 Motion, Docket Entry No. 68 at 7, 16).

Based on the current record, an evidentiary hearing is set for **May 29, 2012, at 10:30 a.m.** on Pinson's claim that counsel was ineffective for failing to file a notice of appeal. The evidentiary hearing will encompass Pinson's contention that his § 2255 motion is subject to equitable tolling.

Under Rule 8(c) of the Rules Governing § 2255 Motions, which provides for the appointment of counsel when an evidentiary hearing is required, it is further ordered that David Cunningham, Esq. is appointed as counsel for Jeremy Vaughn Pinson in this § 2255 proceeding.

SIGNED on March 22, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge